IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dawani Fladger, individually and as a parent or guardian of minor, C.S., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:22-cv-2854-BHH |
| v. | ) ) | |
| Summerville Police Department, United States Government, | ) ) ) | **ORDER** |
| Defendants. | ) ) ) | |
| _____ | ) | |

This is a civil action filed by Plaintiff Dawani Fladger, individually and as a parent or guardian of minor, C.S. ("Plaintiff") pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act. ("SCTCA").  Both Defendant Summerville Police Department and Defendant United States Government filed motions to dismiss (ECF Nos. 4, 8, and 16), and the matters were referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

On October 10, 2022, the Magistrate Judge issued a report and recommendation ("Report") addressing Summerville Police Department's motion to dismiss and recommending that the Court grant in part and deny in part the motion.  (ECF No. 13.)  On February 9, 2023, the Magistrate Judge issued another Report addressing the United States Government's motion to dismiss, recommending that the Court grant the motion to dismiss.  (ECF No. 18.)  Attached to both Reports were notices advising the parties of the right to file written objections to the Reports within fourteen days of being served with copies.

Although Summerville Police Department filed timely written objections to the Magistrate Judge's Report (ECF No. 14), on August 8, 2023, Plaintiff filed a "stipulation of dismissal with prejudice as to Defendant Summerville Police Department only." (ECF No. 23). In the stipulation, Plaintiff "dismisses the above-captioned action against Defendant Town of Summerville, incorrectly identified as the Summerville Police Department, with prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure. (*Id.*) Based on this filing, and because this Defendant has now been terminated from this action, it appears that the motions to dismiss filed by Summerville Police Department (ECF Nos. 4 and 8) are now moot, and the Court need not address the Magistrate Judge's Report regarding this Defendant or this Defendant's objections.

Next, however, no party filed written objections to the Magistrate Judge's Report recommending that the Court grant Defendant United States Government's motion to dismiss, and the time for filing objections has long expired. This Court is charged with making a *de novo* determination only of the portions of a Magistrate Judge's Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, however, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party filed objections to the Report pertaining to Defendant United States Government's motion to dismiss, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff's claims against Defendant United States Government are subject to dismissal for the reasons set forth in the Report. Accordingly, the Court hereby **adopts and incorporates** the Magistrate Judge's Report (ECF No. 18), the Court grants Defendant United States Government's motion to dismiss (ECF No. 16), thereby dismissing the United States Government as a party to this action.

## CONCLUSION

In conclusion, in light of Plaintiff's stipulation of dismissal (ECF No. 23), the Court **finds moot** the motions to dismiss filed by Summerville Police Department (properly identified as Town of Summerville) (ECF Nos. 4 and 8). Next, the Court **adopts and incorporates** the Magistrate Judge's Report (ECF No. 18) addressing Defendant United States Government's motion to dismiss, and for the reasons set forth by the Magistrate Judge, the Court **grants** Defendant United States Government's motion to dismiss (ECF No. 16). Because United States Government was the only remaining Defendant, this action is hereby ended.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 18, 2023
Charleston, South Carolina

3